Peck, J.
[46] delivered the opinion of the Court. The question presented by the record for the consideration of the Court is, whether the clerk had a right to issue an execution for costs against Washington, the plaintiff, upon the failure of the sheriff to make the money upon the one issued against Talbot, the defendant ?
The Act of 1779, ch. 4, § 4, re-enacted by 1784, ch. 7, § 58; 1794, ch. *420 1, §§ 74, 75; and 1796, ch. 7, §§ 5, 9, provides, “ that it shall and may be lawful for the clerks, &c. on their fees not being paid, by the party from whom they are due, to make out execution directed to the sheriff; &c.; to said execution shall be annexed a bill of costs, &c.” The seventy-fourth section of the Act of 1794 provides, that “the party recovering shall be entitled to full costs, unless otherwise directed by law.”
On recovery had, judgment is entered for the thing or amount recovered and costs of suit. The acts of Assembly specify the fees allowed with great particularity, and have strictly guarded against imposition by declaring, “ that on every execution shall be indorsed the items charged, in words at full length ; and that every clerk shall keep in his office, for public inspection, a bill of his fees, to the end that all may be informed of the amount clerks have a right to charge for their services.”
The design of these acts must be obvious. The judgment for costs of suit is not now as formerly in numero but for costs generally, to be taxed by the clerk. As the taxation of costs is a matter in which the clerk has a personal interest in general, the statutes referred to leave him no discretion, but wisely prescribe limits for his government on every side. See the Act of 1796, ch. 7, touching his duty and fees.
We premise thus much, before we proceed to what is in our estimation a sound construction of the various acts of Assembly recited. The practice contended for by defendants in error is certainly not given by the express words of the aforesaid acts. The words “ the costs not being paid by the party from whom they are due ” must refer to him against whom the judgment has been rendered; and it would be unsound to allow the practice by intendment, when we recur [47] to the caution with which the Legislature have limited the demand of clerks in all cases where they may legally make them.
It is a settled rule of law that in all cases a judgment shall precede execution, and where there is a liability depending upon a contingency, a sci. fa. is necessary before the party can be charged. He is entitled to a day in court; and to charge him his liability', of whatever nature, must be considered of by the Court. This construction does not defeat the acts in question. In all cases for costs ordered to be paid on continuances, petitions, motions, &c.; in short, in all ex parte proceedings, to which costs are incident, if the party liable for costs, by the judgment or order of the Court, do not pay them, the clerk, under those acts, may issue execution. We do not say that there is no remedy for the clerk, in cases where he has performed services, and has been unable to collect them by reason of the insolvency of him charged by the judgment; that question is not raised by the record.
A case from 1 Haywood’s Rep. has been. relied upon to support the mode of proceeding adopted herein by the clerk. That case seems to be *421 founded rather on a long-continued practice of the courts of North Carolina than on any statutory provision with which we are acquainted. But such has not been the practice of our courts ; and we cannot now give it our sanction.
We are therefore of opinion that the County Court erred, and proceeding here to give the judgment that Court ought to have given, — let the execution be quashed.
Execution quashed.